UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 13-CR-133

LEE A. FRANCK,

    Defendant.

## ORDER DENYING MOTION TO SUPPRESS

On July 23, 2013, the Grand Jury in this district returned a single-count indictment charging Lee A. Franck with possessing a firearm after having been convicted of a misdemeanor crime of domestic violence in violation of Title 18 U.S.C. § 922(g)(9) and 924(a)(2). Franck filed a motion to suppress, alleging that the search warrant that led to the discovery of the firearm upon which the charge is based was not supported by probable cause. On September 30, 2013, the assigned magistrate judge issued a recommendation that the Motion to Suppress be denied. Franck filed a timely objection and the matter is now fully briefed. For the reasons set forth below, the court will adopt the recommendation of the magistrate judge and deny the motion.

## BACKGROUND

On June 22, 2013, Florence County Deputy Sheriff Michael Short sought and obtained a warrant to search the single-family home in Aurora, Wisconsin where Franck lived with his parents. According to the affidavit submitted in support of the application for the warrant, deputies had proceeded to the residence earlier that same day in response to a report of a man armed with a

revolver who was threatening to shoot another occupant of the residence. Upon arrival, the deputies concluded that the person accused of making the threats did not have a gun, but that some threats had been made. Franck, who was the person who had called the Sheriff's Department, was arrested for disorderly conduct and transported to the Florence County Jail. One of the deputies who had responded to the call, Chief Deputy David Gribble, remained at the scene and interviewed witnesses.

Chief Deputy Gribble then telephoned Deputy Michael Short of the Florence County Sheriff's Office for the purpose of obtaining a search warrant. Deputy Gribble told Deputy Short that Franck's mother had informed him that Franck lives in the home and that he does possess a firearm. Deputy Gribble stated to Deputy Short that he observed an empty handgun holster but did not locate a firearm. He advised that he did not continue to search for the weapon at that time, as he believed it was likely concealed somewhere within the room that was mainly occupied by Franck. The affidavit continues:

> A Criminal History check of Lee Franck showed that he is disqualified from possessing firearms. Lee has several convictions on his criminal history for Bail Jumping, Battery, Criminal Trespass, Criminal Damage to Property and Domestic Related Abuse. A check of the Circuit Court Access Program (CCAP) web page showed that there has previously been a Domestic Abuse restraining order issued against Lee Franck on which there was a firearms restriction.

(Docket No. 9-1 at 6.)

The affidavit goes on to state that Deputy Gribble advised Deputy Short that Franck's family informed him that Franck was taking prescription medication, specifically Tramadol, that may or may not have been prescribed to him. Franck's mother stated that at approximately 10:00 a.m. that day, Franck took two Oxycodone 10 mg tablets and two Buspirone tablets, which are prescribed to

2

her. Gribble also advised Short that he had located a single bottle of Tramadol in the residence, but it contained other tablets in the bottle that did not match the prescription label.

Based upon the facts set forth, Deputy Short requested a warrant that would allow the search for and seizure of "any and all firearms, prescription medications, and other elicit drugs or narcotics." He indicated that such items would constitute evidence of possession of a firearm contrary to § 941.29(1)(g) of the Wisconsin Statutes, which makes such possession a crime for a person ordered not to possess a firearm as part of a domestic abuse injunction, and Possession of a Controlled Substance contrary to § 961.41.

The warrant was issued and resulted in the seizure of a Ruger MKII .22 caliber handgun, which forms the basis of the charging indictment.

In his motion to suppress, Franck alleged that the warrant was faulty because the probable cause statement was both legally and factually inaccurate, and thus failed to allege facts amounting to probable cause that would support a search warrant. More specifically, Franck noted that at the time of the warrant, there was in fact no domestic abuse injunction in place barring him from possessing a firearm. An injunction had been issued on April 30, 2008, in a Marathon County case, but such injunction would have lasted only for four years, and thus necessarily would have expired by the time of the warrant. *See* Wis. Stat. § 813.125(4)(c). More importantly, Franck argued, anyone who reviewed the record on CCAP, as Deputy Short stated he had done, would have seen a message on the screen indicating:

> The court issued an injunction against the respondent directing the respondent to not engage in certain conduct. At some time after the injunction was issued, the case

was dismissed for reasons that can be found in the court file. There are no current orders against the respondent at this time as a result of this case.

(ECF No. 9-2.) In other words, the injunction had been lifted less than eight months after it was issued. Because there was no injunction in effect, Franck argued that the warrant failed to establish probable cause to believe that he could not lawfully possess a firearm.

Franck also argued that the Affidavit failed to establish probable cause to search for drugs because the mere possibility that the prescription drugs his family reported him taking might not have been prescribed for him was legally insufficient to constitute probable cause to believe there was contraband evidence of a crime in the house. With respect to his mother's report that Franck "took" certain drugs prescribed for her, Franck contends that "took" is too ambiguous to support a finding of probable cause. This might mean than he ingested the drugs or merely moved them to another location. If he ingested the drugs, Franck argued, evidence of this act would not be found in the residence in any event.

In response to Franck's motion, the Government conceded that Deputy Short's statement that a check of the CCAP web page showed that a domestic abuse restraining order against Franck with a firearms restriction had been previously issued was a false statement. The Government denied, however, that Deputy Short had included the false statement in his affidavit intentionally or in reckless disregard of the truth. Instead, the Government argued, Deputy Short had relied on two more senior deputies and the department dispatcher who confirmed that Franck was listed in the Wisconsin "Triple I Record" as an individual under a firearms prohibition. According to his affidavit, which is attached to the Government's response, he was advised by Deputies Gribble, Kelly and the department dispatcher that they had run a Triple I check on Lee A. Franck, along with

4

his date of birth, and it had come back with a warning "Disqualification for Firearms." (ECF No. 14-2, ¶ 3.) Deputy Short states that members of his department rely almost exclusively upon the Triple I to identify individuals and their criminal records, and have found them truthful and reliable in the past. Deputy Short apparently couldn't determine from the Triple I what Franck's firearm prohibition was for and mistakenly concluded it was because of the domestic abuse restraining order he saw on the CCAP web site. "Rather than painstakingly researching the exact cause" of Franck's firearms disqualification, the Government contends that Deputy Short relied "a cursory review of CCAP and made a mistaken assumption that the Marathon injunction was a contributing factor" to Mr. Franck's disqualification. (ECF No. 14, at 4.) Because Deputy Short's false statement was not made intentionally or in reckless disregard of the truth, the Government argued Franck's motion should be denied.

Alternatively, the Government argued, even if the false statement was excised from the affidavit submitted in support of the warrant, the information provided was still sufficient to establish probable cause that Franck was under a firearms disqualification. In addition to the domestic abuse restraining order that was no longer in effect, Deputy Short had also stated in his affidavit that Franck had convictions for a number of crimes, including domestic related abuse. The Government argued that even in the absence of the domestic abuse restraining order prohibition, the fact that he had a prior conviction for domestic related abuse was sufficient to establish probable cause that he was under the federal prohibition that attaches to any conviction for a misdemeanor crime of domestic violence. Finally, the Government argued that even aside from whether Franck was under a firearm prohibition at the time, probable cause to search his room for drugs nevertheless

existed based on the information provided by his mother, and the gun would have inevitably been discovered in the course of the search for drugs.

In his recommendation that the motion be denied, the magistrate judge first noted that Deputy Short's reference to a domestic abuse injunction was not false. There had previously been issued a domestic abuse restraining order against Franck with a firearm restriction. The magistrate judge acknowledged that while the assertion was not untrue, it would have been misleading since the injunction was no longer in effect. The magistrate judge concluded, however, that even without this statement, there were still sufficient facts in the warrant to support a finding of probable cause that Franck was under a firearm prohibition. The magistrate judge noted that Short had also stated in his affidavit that CCAP showed that Franck had been convicted of "domestic-related abuse." This allegation was sufficient, the magistrate judge concluded, to support the finding that Franck was prohibited from possessing a firearm under federal law, specifically 18 U.S.C. § 922(g)(9). Noting that under Wisconsin law, a court commission was authorized to issue a search warrant to recover evidence of "any crime," Wis. Stat. 968.13(1), the magistrate judge concluded that the affidavit was sufficient to support a finding of probable cause.

Additionally, or alternatively, the court concluded that the affidavit established probable cause to search the residence for evidence of unlawful possession of controlled substances, and that by virtue of such a search, the firearms would have been inevitably discovered. The court concluded that the statements of Franck's family members that he had been taking prescription medications that "may or may not have been prescribed to him" made it essentially a coin flip whether or not Franck had violated the law. Read alongside the statement of his mother that earlier that day he had taken two Oxycodone tablets and two Buspirone tablets which had been prescribed

6

for her, "strongly suggest that Franck did not have a prescription for the drugs he was using." For this reason too the court concluded that the motion should be denied.

## DECISION

In his objection to the magistrate judge's recommendation, Franck reiterates the arguments from his initial brief and argues that the magistrate judge erred in finding that the warrant was sufficient to state probable cause to believe the defendant had committed the federal crime of possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence. Franck argues that there is no crime of "domestic related abuse" as Deputy Short described the offense on his affidavit. Moreover, Deputy Short specifically referenced the crime of possession of a firearm by someone under a domestic abuse injunction. Under these circumstances, Franck contends that it was improper for the magistrate judge to consider whether probable cause existed as to the federal crime.

The fact that there is no crime named "domestic related abuse" does not mean that the affidavit submitted in support of the application for a warrant did not state sufficient facts to establish probable cause to believe that Franck was under a federal firearm prohibition. The federal prohibition applies to anyone convicted of "a misdemeanor crime of domestic violence." 18 U.S.C. § 922(g)(9). A reasonable person would conclude from the statement that an individual has a conviction for a crime described as "domestic related abuse" that such person had probably been convicted of at least a misdemeanor crime of domestic violence. The fact that the exact name of the crime was not included does not preclude a finding of probable cause. *See Gutierrez v. Kermon*,

722 F.3d 1003, 1008 (7th Cir. 2013) ("Based as it is on probabilities rather than hard certainties, the probable-cause standard inherently allows room for reasonable mistakes.").

The central issue Franck has raised is whether a warrant is valid if it establishes probable cause for a crime other than the crime the requesting officer had in mind. Franck claims it is not, but he cites no authority in support of his argument that such a warrant would be invalid. In fact, the law would seem clearly to the contrary.

It is well established that the test for probable cause is an objective one. *See Carmichael v. Village of Palatine, Ill.*, 605 F.3d 451, 458 (7th Cir. 2010). "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996). Thus, it would seem that the fact that Deputy Short thought there was probable cause to believe that Franck was prohibited from possessing firearms because of a domestic violence restraining order, when it was actually because of a misdemeanor crime of domestic violence, is irrelevant.

In *Devenpeck v. Alford*, for example, a Washington State Patrol Officer pulled the plaintiff over on a traffic stop on suspicion that he was impersonating a police officer, but then arrested him for violating the State's Privacy Act after he discovered that the plaintiff was surreptitiously recording their conversation. 543 U.S. 146, 148-50 (2004). Based on a previous State court decision that the recording of a roadside conversation during a traffic stop was not a violation, the Privacy Act charge was later dismissed. Plaintiff then sued the law enforcement officer under 42 U.S.C. § 1983 claiming that his arrest was without probable cause. *Id.* at 151. A jury found in favor of the defendant, but on appeal the Ninth Circuit reversed on the ground that no reasonable jury could have found that there was probable cause that plaintiff violated the Privacy Act in light of the

previous state court decision. The Ninth Circuit rejected the defendant's argument that there was probable cause to believe the plaintiff had committed the crime of impersonating a police officer because that offense was not closely related to the offense invoked by the arresting officer at the time of plaintiff's arrest. *Id.* at 152. The Supreme Court granted certiorari and reversed, explaining:

> Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause . . . . That is to say, his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause. As we have repeatedly explained, the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action . . . . The Fourth Amendment's concern with reasonableness allows certain actions to be taken in certain circumstances, whatever the subjective intent . . . . Evenhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer.

*Id.* at 153 (internal quotations, citations, and brackets omitted).

Although *Devenpeck* involved an arrest, as opposed to a search, the principle is the same. Applying that principle here, it follows that Franck's motion should be denied. Franck does not dispute Deputy Short's assertion in the affidavit submitted in support of the warrant that Franck was under a firearm prohibition at the time. His sole argument is that Deputy Short was mistaken as to the reason he was prohibited from possessing firearms.

True, Deputy Short should have been more careful in preparing his affidavit. The Court notes, however, that the fact that Deputy Short missed the notation that the domestic abuse restraining order was no longer in effect does not mean he acted with intent to mislead or in reckless disregard. As Franck has pointed out, the notation appears on the first page that comes up when one clicks on the Marathon County domestic abuse injunction case. But immediately below the notation

9

is a box with the notation "view case details." (ECF No. 9-2.) If Deputy Short was merely seeking to confirm the information he had been given from the Triple I report that Franck was under a firearm prohibition and immediately clicked on the "view case details" box instead of carefully reading what on initial viewing appears to be boilerplate, one can see how he could have unintentionally jumped to the conclusion that the 2008 case was the source of the prohibition. Since probable cause exists even absent the statement concerning the domestic abuse restraining order, there is no need to determine Deputy Short's state of mind. But it is worth noting that Franck did not request an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and thus his suggestion that Deputy Short either lied or acted in reckless disregard of the truth are not findings that the Court has made. In this connection, it is also important to remember that Franck does dispute Deputy Short's assertion in the affidavit that he was under a firearms prohibition; he only claims that Deputy Short erroneously stated that the prohibition flowed from the 2008 domestic abuse restraining order. This is not the kind of mistake that warrants the suppression of evidence in a criminal case.

Accordingly, for these reasons, as well as those stated in the magistrate judge's recommendation, the motion to suppress is denied.

**SO ORDERED** this 18th day of November, 2013.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court