UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                            Case No. 13-CR-133

LEE A. FRANCK,

        Defendant.

## ORDER DENYING MOTION TO DISMISS

Defendant Lee A. Franck has filed a Motion to Dismiss the Indictment in the above matter. Franck is charged with Possession of a Firearm by a Person Previously Convicted of a Misdemeanor Crime of Domestic Violence in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Franck has moved to dismiss the charge on the ground that his previous conviction for misdemeanor battery in violation of § 940.19(1) of the Wisconsin Statutes does not constitute a misdemeanor crime of domestic violence within the meaning of 18 U.S.C. § 921(a)(33). The motion will be denied.

Although the issue has not been decided directly by the Seventh Circuit, several other judges in this district have issued decisions addressing the question Franck has raised here. The most extensive discussion of the issue is by Judge Adelman in *United States v. Marciniak*, an unpublished decision. *U.S. v. Marciniak*, 10-CR-184, 2011 WL 124299 (E.D. Wis. Jan. 14, 2010). The court agrees with Judge Adelman's careful analysis in that case and adopts it as its own here. In sum, Judge Adelman noted that, under Wisconsin Law, a battery is committed by one who "causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without

the consent of the person so harmed . . ." Wis. Stat. §940.19(1). Further, the term "bodily harm" is defined as "physical pain or injury, illness, or any impairment of physical condition." Wis. Stat. § 939.22. When the battery is committed by a current or former spouse of the victim, or where the victim occupies a similar relationship, it constitutes a misdemeanor crime of domestic violence within the meaning of the federal statute.

Franck's argument to the contrary focuses on one of the elements on a misdemeanor crime of domestic violence. The federal definition requires "the use or attempted use of physical force, or the threatened use of a deadly weapon . . ." 18 U.S.C. § 921(a)(33)(A)(ii). In *United States v. Castleman*, the Sixth Circuit held that the "physical force" requirement in the statute means " violent force . . . capable of causing physical pain or injury to another person" and "strong physical force." 695 F.3d 582, 586-87 (6th Cir. 2012) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). In *Castleman* the defendant had previously been convicted of misdemeanor domestic assault in violation of Tennessee law. Under the Tennessee statute, a person is guilty of assault if he:

> (1) Intentionally, knowingly or recklessly causes bodily injury to another;
>
> (2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or
>
> (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.

Tenn. Code Ann. § 39–13–101. The defendant had pled guilty to an indictment that asserted that he "did intentionally or knowingly cause bodily injury to [the mother of his child]" in violation of § 39–13–111(b). Because the crime of assault, as defined by Tennessee, did not require the use or attempted use of physical force as it had defined that term, the Sixth Circuit concluded that it could

not be said that a violation of the statute categorically amounted to a misdemeanor crime of domestic violence. Using the modified categorical approach, which looks to the actual conduct embodied in the conviction, the Court also held that it could not say that the defendant's prior conviction amounted to a misdemeanor crime of domestic violence within the meaning of § 921(a)(33)(A)(ii). The Court noted that Tennessee law defines "bodily injury" to include "a cut, abrasion, bruise, burn or disfigurement, physical pain or temporary illness or impairment of the function of a bodily member, organ or mental faculty." 695 F.3d at 591 (quoting Tenn. Code Ann. § 39–11–106(a)(2)). One need not use " violent " and "strong physical force," the Court held, to cause a cut, an abrasion, or a bruise. *Id.* (quoting *Johnson*, 559 U.S. at 140).

> Rather, a defendant can cause one of these injuries with nonviolent force that either causes a slight injury or exposes the victim to bodily injury. As we explained, Castleman may have been convicted for causing a minor, nonserious physical injury, in which he caused the individual with whom he had a domestic relationship bodily harm, but did so using less than strong physical force. Therefore, Castleman's indictment does not provide a basis from which we can conclude that his domestic assault conviction entailed violent physical force.

*Id.* Franck argues that the logic of Castleman compels the conclusion that misdemeanor battery under Wisconsin law does not constitute a misdemeanor crime of domestic violence within the meaning of the federal law as well. The Supreme Court granted certiorari and has heard argument in Castleman, but no decision has yet been issued.

*Castleman*'s conclusion that the Tennessee statute does not constitute a misdemeanor crime of domestic violence using the categorical approach has no bearing on the issue in this case. Wisconsin's battery statute is significantly different than the Tennessee assault statute at issue there. Unlike the Tennessee domestic assault statute, it is not possible to commit a battery as defined by Wisconsin without intentionally causing bodily harm. The question is whether the minimal force

3

needed to cause a minor, nonserious physical injury, such as a cut, an abrasion or a bruise, would constitute the physical force required for a misdemeanor crime of domestic violence. *Castleman* holds that it would not.

This court disagrees. The word "violence" is defined as "exertion of physical force so as to injure or abuse (as in effecting illegal entry into a house)." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1319 (Tenth ed. 1999). Performing an act with the intent to cause bodily harm, meaning "physical pain or injury, illness, or any impairment of physical condition" to another person fits well within such a definition. This is not to say that one cannot conceive of a theoretical way of committing the crime that would not require physical force. But that is not the test. *See James v. United States*, 550 U.S. 192, 208 (2007) (categorical approach does not require that "every conceivable factual offense" qualify). Where the elements of the offense are of the type that would justify its inclusion . . . without inquiring into the specific conduct of this particular offender, the categorical test is met. *Id.* at 202.

Here, Franck was convicted of causing bodily harm to his former spouse. To cause bodily harm to another person requires physical force, even if the perpetrator of the crime indirectly causes the force that is then exerted on the other person's body, as releasing an anthrax virus to violently attack another person's respiratory system. *See, e.g., U.S. v. De La Fuente*, 353 F.3d 766, 771 (9th Cir. 2003) (rejecting argument that threat of anthrax poisoning is not a threat of forceful conduct, noting that "[t]he injury and pain caused by anthrax infection may not always be immediately obvious to the person exposed, but the bacteria's physical effect on the body is no less violently forceful than the effect of a kick or blow"). The court therefore concludes that under the categorical

4

approach, Franck's battery conviction constitutes a misdemeanor crime of domestic violence within the meaning of § 921(a)(33)(A)(ii). The motion to dismiss is therefore denied.

**SO ORDERED** this ___27th___ day of February, 2014.

_s/ William C. Griesbach_
William C. Griesbach, Chief Judge
United States District Court
